**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**UNITED STATES OF AMERICA**

**Plaintiff,**

**v.**

**OMAR HIRALDO-ARZUAGA,**

**Defendant.**

**Crim. No. 18-337-2 (ADC)**

**OPINION AND ORDER**

Co-defendant Omar Hiraldo-Arzuaga ("Hiraldo") filed a motion to dismiss Count Five of the indictment on double jeopardy grounds. **ECF No. 108**. The government opposed. **ECF No. 170**. The Court referred the motion to dismiss for a report and recommendation ("R&R"). **ECF No. 162, 167**. On November 26, 2019, United States Magistrate Judge Marcos E. López entered an R &R recommending that the Court deny Hiraldo's motion to dismiss without prejudice as premature. **ECF No. 206**. On December 2, 2019, Hiraldo filed his objections to the R&R. **ECF No. 207**.

For the reasons explained below, the Court hereby **ADOPTS** the R&R's recommendation that Hiraldo's motion for to dismiss be denied. Accordingly, Hiraldo's motion dismiss at **ECF No. 108** is **DENIED without prejudice**.

**I. Background**

On May 17, 2018, a grand jury issued a seven-count indictment against Hiraldo and five co-defendants. **ECF No. 18**. Hiraldo was charged with conspiracy to possess with intent to distribute controlled substances (cocaine and crack cocaine) (Count One); possession with intent to distribute controlled substances (cocaine and crack cocaine) (Counts Two and Three); possession of a machinegun in furtherance of a drug trafficking crime (Count Four); possession of a firearm in furtherance of a drug trafficking crime (Count Five); possession of a machinegun (Count Six); and possession of a firearm by a prohibited person (felon) (Count Seven). **ECF No. 18**.

On April 2, 2019, Hiraldo moved to dismiss Count Five of the indictment on double jeopardy grounds. **ECF No. 108**. Specifically, Hiraldo argues that Counts Four and Five charge 924 (c) violations based on a single predicate offense, *i.e.* possession with intent to distribute controlled substances, exposing him to multiple punishments for the same offense.

On September 10, 2019, Hiraldo's motion to dismiss was referred to Magistrate Judge López for an R & R. **ECF Nos. 162, 167**. On September 13, 2019, Magistrate Judge López issued an order for the government to show cause as to why Hiraldo's motion to dismiss should not be deemed unopposed. **ECF No. 169**. On September 15, 2019, the government complied with the Magistrate Judge's Order and submitted its opposition to Hiraldo's motion to dismiss. **ECF No. 170**. On November 26, 2019, Magistrate Judge López entered his R &R recommending the

denial without prejudice of Hiraldo's motion to dismiss as premature. **ECF No. 206.** On December 2, 2019, Hiraldo filed objections to the R & R. **ECF No. 207**.

## II. Review of a Magistrate Judge's Report and Recommendation

The District Court may refer pending criminal motions to a Magistrate Judge for entry of a report and recommendation. 28 U.S.C. §636(b)(1)(A); Fed.R.Crim.P 59(b)(1). An adversely affected party may file written objections to the report and recommendation within fourteen days after served with the same. 28 U.S.C. §636(b)(1)(C). A party is entitled to a *de novo* review of "those portions of the report . . . to which specific objection is made." *Sylva v. Culebra Dive Shop*, 389 F.Supp. 2d 189, 191-92 (D.P.R. 2005) (citing *United States v. Raddatz*, 447 U.S. 667 (1980)). "Absent objection by [the adversely affected party], [a] district court ha[s] a right to assume that [the affected party] agrees to the magistrate's recommendation." *M. v. Falmouth Sch. Dep't*, 847 F.3d 19, 25 (1st Cir. 2017) (citing *Templeman v. Chris Craft Corp*., 770 F.2d 245, 247 (1st Cir. 1985), cert. denied, 474 U.S. 1021 (1985)). Thus, "a party's failure to assert a specific objection to a report and recommendation irretrievably waives any right to review by the district court and the court of appeals." *Santiago v. Canon U.S.A., Inc.*, 138 F.3d 1, 4 (1st Cir. 1998).

## III. Analysis

In his motion to dismiss, Hiraldo claims that the section 924(c) offenses charged in Counts Four and Five of the indictment, possession of a machinegun in furtherance of a drug trafficking crime (18 U.S.C. § 924(c)(1)(B)(ii)) and possession of a firearm in furtherance of a drug trafficking crime (18 U.S.C. § 924(c)(1)(A)(i)) respectively, expose him to multiple punishments for the same

offense in violation of the double jeopardy clause. **ECF No. 108**. Citing case law from various Circuit Courts defendant asserts that the appropriate unit of prosecution under section 924 (c) is the underlying drug-trafficking offense, not the separate firearms charge. Consequently, he argues that prosecution for two offenses under 924(c), based on the same predicate offense, namely drug trafficking, is unauthorized. Accordingly, Hiraldo seeks dismissal of Count Five of the indictment.

In opposition, the government posits that Count Four charges Hiraldo with possessing a machinegun in violation of a drug trafficking crime while Count Five charges the lesser included offense of possessing a firearm in furtherance of a drug trafficking crime. Thus, Count Four requires proof of an additional element: that the firearm used was a machinegun. **ECF No. 170** at 1-2. As such, it reasons that the indictment is not multiplicitous. Even so, the government proffers that Hiraldo's double jeopardy argument is premature since they will not seek nor will the Court impose multiple punishments for the same offense. Instead, if convicted of both counts, Hiraldo will only be sentenced for the more serious offense.

As a threshold matter, Magistrate Judge López concludes that Hiraldo's double jeopardy challenge for alleged "multiple punishments" for the same offense is premature since he has not been convicted on both counts, and there has been no prior conviction or acquittal for such offenses. **ECF No. 206**. Nevertheless, he concludes that the indictment is multiplicitous because it charges two 924(c) offenses based on a single predicate offense (drug trafficking). On this point, however, he highlights that courts have routinely denied pretrial motions to dismiss

potentially-multiplicitous counts as premature. Magistrate Judge López further notes that Counts Four and Five are not synonymous; they differ as to the additional proof required to show that the firearm used was a machinegun and that the defendant knew at the time of the offense that the firearm had the capability of firing more than one shot by a single pull of the trigger. Accordingly, he propounds that the proper remedy for the multiplicitous indictment in this case is vacating the offending conviction at the post-trial stage if Hiraldo is convicted on both Counts Four and Five. Based on the above, Magistrate Judge López recommends denying Hiraldo's motion to dismiss.

Objecting to the R & R, Hiraldo first posits that the Magistrate Judge's conclusion that defendant should first be convicted for both Counts Four and Five to be able to claim double jeopardy is inapposite and renders such clause's protection meaningless. Hiraldo further argues that per the double jeopardy prohibition, the government was "not authorized to charge him with two separate violations of Section 924 (c) when there is only a single predicate crime." **ECF No. 207** at 2.

The Court reviews Hiraldo's objections *de novo*. As the Magistrate Judge correctly stated and Hiraldo asserts, the proper unit of prosecution in this case is the drug trafficking offense, not the firearms offenses. Consequently, there is only one underlying predicate offense and Hiraldo cannot be convicted and sentenced for both 924(c) violations. As the Magistrate Judge notes, however, the proper remedy for any double jeopardy violation occurs at the post-trial stage.

A careful review of his objections shows that Hiraldo essentially disagrees with the Magistrate Judge's finding that his request is premature, and thus urges the Court to reject the recommendation to await a potential conviction on both counts and instead dismiss Count Five at this juncture on double jeopardy grounds. Hiraldo reiterates, without citing on point case law, that this is not a multiplicity or sentencing issue as the government and the Magistrate Judge incorrectly framed it; instead, he reiterates that the government lacks authority to indict and prosecute him on both 924(c) counts based on a single predicate offense since this entails being twice put in jeopardy. **ECF No. 207** at 2.

This Court, nevertheless, is not persuaded. Interpreting the double jeopardy clause,[1] the Supreme Court has explained that it protects against the actual imposition of two punishments for the same offense as well as attempting a second time to punish criminally, for the same offense. *Witte v. United States*, 515 U.S. 389, 395-96 (1995) (citations omitted). This court has noted that "a multiplicitous indictment can result in a double jeopardy violation when a defendant is sentenced more than once for the same offense or when the jury is misled to believe that the defendant has committed more crimes than the record and evidence maintain." *United States v. Peña-González*, 62 F. Supp. 2d 366, 368 (D.P.R. 1999) (citing *United States v. Goldberg*, 913 F. Supp. 629, 631 (D.Mass. 1996)); *see United States v. Smith*, 919 F.3d 1, 15 (1st Cir. 2019) (holding that "[a] prosecution is multiplicitous when it charges a defendant more than once 'for what is essentially

---

[1] The Double Jeopardy Clause provides: "[n]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. Amdt. 5.

a single crime'"). Yet, "the double jeopardy clause is not implicated until a defendant faces sentencing on multiplicitous convictions." *United States v. Widi*, 697 F.Supp.2d 140 (D. Me. 2010); *accord United States v. Medina*, S3 13 Cr. 272, 2014 U.S. Dist. LEXIS 91751, *8-12 (S.D.N.Y. July 7, 2014) (citing *United States v. Polouizzi*, 564 F.3d 142, 157 (2d Cir. 2009)) (holding that "where '[n]o convictions have been entered . . . the Double Jeopardy Clause's guarantee against multiple punishments for the same offense has not yet been triggered").

Moreover, the Supreme Court has expressly found that "the State is not prohibited by the Double Jeopardy Clause from charging respondent with greater and lesser included offenses and prosecuting those offenses in a single trial. Instead, the Double Jeopardy Clause prohibits prosecution of a defendant for a greater offense when he has already been tried and acquitted or convicted on the lesser included offense." *Ohio v. Johnson*, 467 U.S. 493, 500 (1984) (citing *Brown v. Ohio*, 432 U.S. 161 (1977)). Here, as the Magistrate Judge correctly concluded, Hiraldo is charged with greater and lesser included offenses, namely, possession of a firearm as well as possession of a machine gun, both predicated on the same drug trafficking offense. As such, this Court finds that the indictment is multiplicitous. However, "[a] finding of multiplicity is not fatal to an indictment." *Widi*, 697 F.Supp.2d 140 (citing *United States v. Robinson*, 651 F.2d 1188, 1194 (6th Cir. 1981)).

The First Circuit has explicitly stated that "[t]here is no inflexible rule that the exclusive remedy for multiplicitous counts is election between them." *United States v. Pires*, 642 F.3d 1, 16 (1st Cir. 2011) (citing *Ball v. United States*, 470 U.S. 856, 864 (1985)); *accord United States v. Aguirre-*

*Estrada*, Crim. No. 16-766-5 (DRD), 2017 U.S. Dist. LEXIS 140500, *7 (D.P.R. 2017); *Widi*, 697 F.Supp.2d 140. When faced with such conundrum, the Court may "vacate both the conviction and the sentence as to all but one count, essentially merging the offending counts." *Pires*, 642 F.3d at 16 (citing *United States v. Lilly*, 983 F.2d 300, 306 (1st Cir.1992)).[2] The First Circuit noted that "[t]his flexible approach makes good sense because 'the Double Jeopardy Clause does not protect against simultaneous prosecutions for the same offense, so long as no more than one punishment is eventually imposed.'" *Pires*, 642 F.3d at 16 (citing *United States v. Josephberg*, 459 F.3d 350, 355 (2d Cir. 2006)); *accord United States v. Peña-González*, 62 F. Supp. 2d 366, 368 (D.P.R. 1999) (citing *Goldberg*, 913 F. Supp. at 631) (noting that "a multiplicitous indictment can result in a double jeopardy violation when a defendant is sentenced more than once for the same offense

[2] Courts have extensively discussed the nature of the relief to which a defendant is entitled when convicted and sentenced on various counts for a single predicate crime. In 1991, citing *Ball v. United States*, 470 U.S. 856 (1985), the First Circuit held that "when a defendant is convicted on two statutory charges, and Congress did not intend that the conduct should be punishable under both statutes simultaneously, the proper course was to vacate one of the convictions." *United States v. Rivera-Martínez*, 931 F.2d at 153. In *Ball*, The Supreme Court reasoned that:

> The remedy of ordering one of the sentences to be served concurrently with the other cannot be squared with Congress' intention. One of the convictions, as well as its concurrent sentence, is unauthorized punishment for a separate offense. See Missouri v. Hunter, 459 U.S. 359, 368 (1983).
>
> The second conviction, whose concomitant sentence is served concurrently, does not evaporate simply because of the concurrence of the sentence. The separate conviction, apart from the concurrent sentence, has potential adverse collateral consequences that may not be ignored. For example, the presence of two convictions on the record may delay the defendant's eligibility for parole or result in an increased sentence under a recidivist statute for a future offense. Moreover, the second conviction may be used to impeach the defendant's credibility and certainly carries the societal stigma accompanying any criminal conviction. See Benton v. Maryland, 395 U.S. 784, 790-791 (1969); Sibron v. New York, 392 U.S. 40, 54-56 (1968). Thus, the second conviction, even if it results in no greater sentence, is an impermissible punishment.

*Ball*, 470 U.S. at 864-865; accord *United States v. Finley*, 245 F.3d 199, 206 (2nd Cir. 2001) (citing *United States v. Johnson*, 25 F.3d 1335 (6th Cir. 1994)).

or when the jury is misled to believe that the defendant has committed more crimes than the record and evidence maintain").

As the Magistrate Judge correctly noted, the case law cited by Hiraldo supports the proposition that the proper remedy for a multiplicitous indictment occurs at the post-trial stage, by vacating convictions and setting aside improper sentences. Indeed, this Circuit has consistently afforded *post-conviction relief* upon finding that the imposition of multiple consecutive sentences under section 924(c) based on a single predicate crime encroaches fundamental double jeopardy principles. *See*, *e.g.*, *United States v. Peña-Lora*, 225 F.3d 17, 32 (1st Cir. 2001) (imposing concurrent instead of consecutive sentences under section 924(c) upon finding that "Congress enacted subsection 924(c) principally as a sentencing-enhancement mechanism for application to persons convicted of underlying crimes of violence committed through the use of firearms. Nevertheless, the imposition of consecutive sentences under subsection 924(c) for using multiple weapons during a single crime of violence would impinge upon fundamental 'double jeopardy' principles. . ."); *United States v. Rodríguez*, 525 F.3d 85, 111-112 (1st Cir. 2008) (collecting cases) (restating its position as well as the majority of our sister circuits' "that the imposition of multiple consecutive sentences under subsection 924(c) for using multiple weapons during a single predicate crime "would impinge upon fundamental 'double jeopardy' principles'").

Accordingly, this Court agrees with the Magistrate Judge's determination that Hiraldo would only be entitled to *post-conviction relief* if convicted on both Counts Four and Five. To

date, Hiraldo has not been convicted or punished for said violations. As such, the dismissal of any of the counts at this stage on double jeopardy grounds is premature. *See United States v. Medina*, S3 13 Cr. 272, 2014 U.S. Dist. LEXIS 91751, *8-12 (S.D.N.Y. July 7, 2014) (collecting cases) (noting that "[s]ince Josephberg, courts in this Circuit have routinely denied pre-trial motions to dismiss potentially multiplicitous counts as premature"). Hiraldo may restate the double jeopardy argument if he is convicted on both counts.

Based on the foregoing, the Court **ADOPTS** the R&R's recommendation to deny Hiraldo's motion to dismiss.

**IV. Conclusion**

After careful review, the Court **ADOPTS** the R & R and **DENIES** Hiraldo's motion to dismiss Count Five of the indictment. **ECF No. 108**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 16th day of June, 2020.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**